UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH A. PETERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00400-JRS-TAB |
| MARION COUNTY JAIL COMMANDER, | ) ) ) |
| Defendant. | ) |

**Order Dismissing Complaint and Opportunity to Show Cause**

On February 25, 2022, the Court received a letter from Noah A. Peterson, an inmate at the Marion County Justice Center in Indianapolis, Indiana. Dkt. 1. The submission was docketed as a complaint but was in fact a motion requesting that the Court order his custodian to provide law library services. Because the letter lacked sufficient information to serve as a complaint, the Court gave Mr. Peterson an opportunity to file an amended complaint. He did so and the Court now screens his amended complaint.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

The amended complaint names one defendant—the Marion County Jail Commander. Mr. Peterson alleges that the defendant has interfered with his access to courts by failing to provide sufficient access to legal resources and a law library "to prepare for future court hearings." Dkt. 10 at 2. He seeks injunctive relief and money damages.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed** for failure to state a claim upon which relief may be granted. To state a First Amendment access-to-courts claim, Mr. Peterson must state facts that would allow the court to reasonably infer that the defendant's actions "prevented [him] from pressing a nonfrivolous legal claim." *Murphy v. Kamphuis*, 858 F. App'x 939, 941 (7th Cir. 2021). "Although fact pleading is unnecessary, a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Mr. Peterson has failed to identify any nonfrivolous legal claim that has been prejudiced by his alleged inability to access his legal materials. Nor has he "spell[ed] out, in minimal detail," the relationship between his lack of access to legal materials and any adverse legal result. *Id.*

Because the Court has been unable to identify a viable claim for relief against the named defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for the reason set forth above. The plaintiff shall have **through April 29, 2022,** in which to show cause why Judgment consistent with this Order should not issue or to file a second amended complaint which addresses the deficiencies noted in this Order.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED**.

Date: 3/31/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NOAH A. PETERSON
758683
MARION COUNTY JAIL II
MARION COUNTY JAIL II
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203